UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff/Respondent,<br><br>　v.<br><br>MELCHOR ZAPARI,<br><br>　　　　　Defendant/Petitioner. | Civil No. 11-CV-1527-JLS<br>Criminal No. 09-CR-1524-JLS<br><br>**ORDER DISMISSING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 and DENYING CERTIFICATE OF APPEALABILITY** |

Currently pending before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 33). The Court has reviewed the record in this case and, for the reasons set forth below, will dismiss Petitioner's motion.

## BACKGROUND

Petitioner Melchor Zapari was charged in a single-count information with importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. On May 28, 2009, Petitioner entered a plea agreement and pled guilty to the charge. Petitioner was sentenced by this Court on September 15, 2009 to a total term of imprisonment of 120 months, the statutory mandatory minimum sentence. Petitioner filed his motion under 28 U.S.C. § 2255 on July 11, 2011.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year statute of limitations for motions brought under 28 U.S.C. § 2255.  The one-year period of limitation runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, Petitioner's judgment of conviction became final on September 25, 2009, the date when the seven-day time period for filing a direct appeal expired.[1] *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (recognizing that statute of limitations for § 2255 motion began to run upon the expiration of the time during which the defendant could have sought review by direct appeal).  Thus, the period of limitation for filing a motion under 28 U.S.C. § 2255(f)(1) expired one year later, on September 25, 2010.

Petitioner has failed to demonstrate any circumstance that would permit the filing of his § 2255 motion beyond the one-year period after which his conviction became final.  Petitioner has not demonstrated an impediment created by governmental action for purposes of § 2255(f)(2).  Nor does he contend that review is warranted as result of a right newly recognized by the Supreme Court as set forth in § 2255(f)(3).  Finally, with respect to § 2255(f)(4), Petitioner's habeas claims are based on facts which were known to him at the time his conviction became

---

[1] In September, 2009, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure required filing of the notice of appeal within 7 days (not counting weekends and holidays) after the entry of judgment or the filing of the government's notice of appeal, whichever was later. That time period was changed to 14 days (all-inclusive) pursuant to amendments that did not become effective until December 1, 2009.

final; thus, subsection four does not apply here.

Accordingly, the Court finds that the statute of limitations under 28 U.S.C. § 2255(f) began running in this case on September 25, 2009 when Petitioner's conviction became final. Petitioner had until September 25, 2010 to file his § 2255 motion. Petitioner did not file his motion until July 11, 2011, well after the limitations period expired. Therefore, his motion must be dismissed as untimely.

## CONCLUSION

For the reasons set forth above, the Court finds that Petitioner's motion under 28 U.S.C. § 2255 was not filed within the applicable period of limitations. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**. Additionally, the Court **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing that he has been denied a constitutional right. *See* 28 U.S.C. § 2253(c) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right."). The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: September 23, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge